Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                       Chapter 11
THE PHOENIX OF ALBANY, LLC,                               Case No. 22-

                                    Debtor.
-----------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

EVAN BLUM, hereby declares as follows under penalty of perjury:

1. I am the sole member of The Phoenix of Albany, LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2. The Debtor is a New York limited liability company with its main office and management located at 159 East 126th Street, New York, New York. The Debtor owns a non-residential building and adjacent lots located at 143 Montgomery Street, Albany, New York which is commonly known as the "Central Warehouse" (the "Property"). Other than its ownership and planned development of the Property, the Debtor has no other significant assets or business operations. The Debtor estimates that the Property is presently worth approximately $3,000,000.

3. On March 14, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor intends to remain in possession

of its property and to continuing to manage its business and affairs as a debtor-in-possession. This is a "single asset real estate" case within the meaning of § 101(51B) of the Bankruptcy Code.

4. The Debtor's chapter 11 filing was precipitated by the efforts of Albany County to enforce real property tax liens (allegedly totaling approximately $515,000) which it holds against the Property, including efforts to conduct a foreclosure sale thereof.[1] The Debtor believes that, given a respite from such efforts, the Debtor can successfully and expeditiously exit chapter 11.

5. Pursuant to LBR 1007-(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

6. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, is simultaneously being filed with the Court.

7. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which is simultaneously being filed with the Court.

8. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which are simultaneously being filed with the Court.

9. Pursuant to LBR 1007-2(a)(7), the issued and outstanding equity interests in the Debtor are all held by me.

---

[1] Prior chapter 11 case commenced by the Debtor on June 10, 2021 in the United States Bankruptcy Court for the Northern District of New York, Case No. 21-10584, was dismissed by Order entered on February 9, 2022.

2

10. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-2(a)(9), the Property is the only real property owned, leased or held by the Debtor.

12. Pursuant to LBR 1007-2(a)(10), all of the Debtor's corporate books and records are located at its 159 East 126th Street, New York, New York office.

13. Pursuant to LBR 1007-2(a)(11), to the best of my knowledge and belief, the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
|---|---|---|---|
| *City of Albany v. The Phoenix of Albany, LLC* | Albany City Court Albany, New York Case No. 19-00049 | Building Violations | On appeal |
| *The County of Albany v. Real Property Described in the List of Delinquent Taxes Filed on June 11, 2012* | Supreme Court of the State of New York, Albany County, Case No. 3088-12 | Tax Lien Foreclosure | Pending |

14. Pursuant to LBR 1007-2(a)(12), the Debtor's operations are managed solely by me as the sole member. There are no other members, managers, officers or directors of the Debtor.

15. Pursuant to LBR 1007-2(b)(1), the Debtor presently has no employees or regular payroll.

16. Pursuant to LBR 1007-2(b)(2), Debtor is not proposing to pay me for any services for the thirty (30) day period following the Petition Date.

17. Pursuant to LBR 1007-2(b)(3), the Debtor does not anticipate that it will have any gross revenues during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period should total approximately $3500.00.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

19. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 14, 2022

_____
EVAN BLUM